1
2
3
4
5
6
7

**UNITED STATES DISTRICT COURT**

8

**EASTERN DISTRICT OF CALIFORNIA**

9
10

CHARLES FRANCIS GOODS,                    ) Case No.: 1:19-cv-00661-SAB (PC)

11                                        )
            Plaintiff,                    )
12                                        )
        v.                               ) ORDER TO SHOW CAUSE WHY ACTION
13                                        ) SHOULD NOT BE DISMISSED, WITHOUT
                                          ) PREJUDICE, FOR FAILURE TO EXHAUST
14   WASCO STATE PRISON,                   ) THE ADMINISTRATIVE REMEDIES
                                          )
15          Defendant.                    ) [ECF No. 1]
                                          )
16                                        )
                                          )
17   _____)

18          Plaintiff Charles Francis Goods is appearing pro se and in forma pauperis in this civil rights

19   action pursuant to 42 U.S.C. § 1983.

20          Currently before the Court is Plaintiff's complaint, filed May 15, 2019.

21                                        **I.**

22                   **EXHAUSTION OF ADMINISTRATIVE REMEDIES**

23          Pursuant to the PLRA, "[n]o action shall be brought with respect to prison conditions under [42

24   U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional

25   facility until such administrative remedies as are available are exhausted."   42 U.S.C. § 1997e(a).

26   Prisoners are required to exhaust the available administrative remedies prior to filing suit.  Jones v.

27   Bock, 549 U.S. 199, 211 (2007); McKinney v. Carey, 311 F.3d 1198, 1199-1201 (9th Cir. 2002).

28   ///

1

Exhaustion is required regardless of the relief sought by the prisoner and regardless of the relief offered by the process, <u>Booth v. Churner</u>, 532 U.S. 731, 741 (2001), and the exhaustion requirement applies to all suits relating to prison life, <u>Porter v. Nussle</u>, 435 U.S. 516, 532 (2002).  Although the "failure to exhaust is an affirmative defense under the PLRA," a prisoner's complaint may be subject to dismissal for failure to state a claim when an affirmative defense appears on its face.  <u>Jones v. Bock</u>, 549 U.S. at 202, 215; <u>see also</u> <u>Albino v. Baca</u>, 747 F.3d 1162, 1169 (9th Cir. 2014) (en banc) (noting that where a prisoner's failure to exhaust is clear from the fact of the complaint, his complaint is subject to dismissal for failure to state a claim, even at the screening stage); <u>Wyatt v. Terhune</u>, 315 F.3d 1108, 1120 (9th Cir. 2003) ("A prisoner's concession to nonexhaustion is a valid ground for dismissal[.]"), <u>overruled</u> <u>on</u> <u>other</u> <u>grounds</u> <u>by</u> <u>Albino</u>, 747 F.3d at 1166.

In California, a prison inmate satisfies the administrative exhaustion requirement by following the procedures set forth in Sections 3084.1 through 3084.8 of Title 15 of the CCR.  An inmate "may appeal any policy, decision, action, condition, or omission by the department or its staff that the inmate . . . can demonstrate as having a material adverse effect upon his or her health, safety, or welfare."  Cal. Code Regs. tit. 15, § 3084.1(a).  The regulations require the prisoner to proceed through all three levels of review.  <u>See</u> Cal. Code Regs. tit. 15, § 3084.2(a).  A decision at the third level of review, known as the director's level of review, is not appealable and constitutes the final level of administrative review.  <u>Id.</u>

With regard to exhaustion, Plaintiff checks the box "no" in response to the question of whether he has filed a grievance concerning the facts relating to this complaint.  (Compl. at 1, ECF No. 1.)  Thus, it appears Plaintiff filed suit prematurely without first exhausting his administrative remedies in compliance with the PLRA, section 1997e(a).  Plaintiff is advised that if the Court concludes that he failed to exhaust the administrative remedies, the dismissal will be without prejudice, to refiling if and when exhaustion of the administrative remedies is complete.

///

///

///

///

**III.**

**CONCLUSION**

Accordingly, it is HEREBY ORDERED that

1.     Plaintiff must show cause in writing within **twenty-one (21) days** from the date of service of this order why this action should not be dismissed, without prejudice, for failure to exhaust prior to filing suit; and

2.     The failure to comply with this order or to show good cause will result in a recommendation to dismiss the action without prejudice.

IT IS SO ORDERED.

Dated:   **May 24, 2019**

UNITED STATES MAGISTRATE JUDGE